IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF METAL SALES MANUFACTURING CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-19-373-C |
| A.C. DELLOVADE, INC., et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

Now before the Court is Defendant Liberty Mutual Insurance Company's ("Liberty") Motion to Dismiss Plaintiff's Fifth Claim for Relief (Dkt. No. 29) and Plaintiff's Response thereto (Dkt. No. 33). Liberty did not file a Reply and the motion is now at issue.

I.  Introduction[1]

In 2017, Plaintiff agreed to supply Defendant A.C. Dellovade, Inc. ("Dellovade") with materials pursuant to Dellovade's subcontract related to a construction project on Tinker Air Force Base. (Dkt. No. 12, p. 3.) Liberty acted as surety for Dellovade to protect Plaintiff, among others, against non-payment by issuing a bond in the amount of $4,898,377.00 on September 14, 2017. (Id.) Plaintiff subsequently provided the requisite materials to Dellovade, but has yet to receive payment. (Id. at 4.) Plaintiff thereafter

---

[1] All facts are taken from Plaintiff's complaint and construed in the light most favorable to Plaintiff.

unsuccessfully attempted to collect payment from Liberty as well. (Id.) Plaintiff's suit now before the Court thus revolves around these uncollected funds.

Plaintiff advances two claims against Liberty: The first is breach of contract and the Miller Act, 40 U.S.C. § 3133, and the second is bad faith. (Id. at 7-9.) Liberty now moves to dismiss the bad faith claim, arguing that federal law preempts it and that it is insufficiently pled. (See generally Dkt. No. 29.) Plaintiff disagrees and believes that its bad faith claim is neither preempted nor inadequately pled.

II. Dismissal Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (internal quotation marks and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders

naked assertion[s] devoid of further factual enhancement." Id. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Analysis

a. Preemption

Liberty first contends that federal law—specifically, the Miller Act—preempts Plaintiff's bad faith claim. More specifically, Liberty believes that because the Miller Act is intended to be Plaintiff's sole avenue of relief regarding the non-payment of federal construction contracts, Plaintiff's state-law bad faith claim must be dismissed. (Dkt. No. 29, pp. 4-6.) Plaintiff, for its part, maintains that the Miller Act does not preempt state law, but it alternatively seeks leave to amend its breach of contract claim and eliminate all references to the Miller Act and only pursue its claim under state law. (Dkt. No. 33, p. 4.) However, federal law can preempt state law regardless of whether it is affirmatively pleaded.[2] Omitting the Miller Act from its complaint would not benefit Plaintiff by somehow negating any preemption of state law.

Liberty's preemption argument is primarily grounded in F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116 (1974)—where the Court held that an award of attorneys' fees granted to a claimant under the Miller Act was improper.

---

[2] See Atria Group, Inc. v. Good, 555 U.S. 70, 76 (2008) (Under the Supremacy Clause, state laws that conflict with federal laws are "without effect." No distinction is made regarding whether the federal law is included within the complaint.)

3

There, the claimant, recognizing that the Miller Act did not permit it to collect attorneys' fees, sought to recover attorneys' fees pursuant to its state's public policy—despite not bringing a state law claim for recovery. Id. The Court found this to be improper, declaring that the "Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." Id. at 127.

Subsequent case law has diverged regarding whether F.D. Rich established that the Miller Act preempts state law in this context—thereby precluding these alternative forms of recovery.[3] Most importantly, though, the Tenth Circuit has briefly spoken on this question as well. See United States ex rel. Sunworks Div. of Sun Collector Corp. v. Ins. Co. of N. Am., 695 F.2d 455, 458 (10th Cir. 1982). In its view, the Miller Act does not preclude alternative forms of recovery under state law. Id. at 457 ("Recovery under the Miller Act is not a supplier's exclusive remedy against a general contractor."). The facts before the Court there were slightly different—the supplier was seeking to recover against the general contractor, rather than, as here, where the supplier is seeking to recover from the surety—but the underlying principle remains. The Court therefore finds that the Miller Act does not preempt other forms of state-law relief related to the underlying federal construction contracts.

---

[3] See, e.g., United States ex rel. Cal's A/C & Elec. v. Famous Constr. Corp., 220 F.3d 326 (5th Cir. 2000) (holding that F.D. Rich does not support the proposition that the Miller Act precludes alternative state-law forms of relief); K-W Indus. v. Nat'l Surety Corp., 855 F.2d 640, 643 (9th Cir. 1988) (same); compare with United Sates ex rel. Metric Elec., Inc. v. Enviroserve, Inc., 301 F.Supp.2d 56 (D. Mass. 2003) (citing F.D. Rich in finding that the Miller Act preempts separate state law claims).

Nor is Plaintiff's claim otherwise prohibited by F.D. Rich. In Liberty's view, "the gist of Plaintiff's Bad Faith Claim is that the failure of Liberty to make prompt payment under the Miller Act should lead to recovery of punitive/enhanced damages." (Dkt. No. 29, p. 3.) Liberty thus believes Plaintiff's bad faith claim is premised on a violation of the Miller Act. This is partly true—Plaintiff's bad faith claim is based on Liberty's failure to act in accordance with its payment bond. (Dkt. No. 12, pp. 7-9.) And that bond was required by the Miller Act. See 40 U.S.C. § 3131 (b). But F.D. Rich does not proscribe this—it only "limits the remedies available on a Miller Act claim to the remedies specified in the Act." United States ex rel. JBlanco Enterprises, Inc. v. Abba Bonding, Inc., Case No. 07-CV-01554-REB-CBS, 2009 WL 765875 at *3 (D. Colo. March 20, 2009). Put another way, F.D. Rich forecloses Plaintiff from seeking to recover damages under state law pursuant to a *Miller Act claim*. It does not, though, prohibit other separate state law claims themselves, premised on the underlying contract. See id. at 3-4. Here, Plaintiff's bad faith claim is separate from any Miller Act claim for relief. Plaintiff only mentions the Miller Act once in passing and does not assert that Liberty violated it. (Dkt. No. 12, pp. 7-9.) The claim is therefore permissible under F.D. Rich, and will not be dismissed on this basis.

b. Sufficiency of Allegations

Liberty next asserts that Plaintiff's bad faith claim contains too few details in light of the heightened pleading requirements for fraud claims outlined in Fed. R. Civ. P. 9(b), and is therefore insufficiently pled. (Dkt. No. 29, pp. 6-7.) In support, Liberty largely relies on United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d

702 (10th Cir. 2006), which held that fraud plaintiffs must "set forth the who, what, when, where and how of the alleged fraud and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof" (internal quotation marks and citations omitted).

Plaintiff pushes back, though, with a subsequent Tenth Circuit case—United States ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163 (10th Cir. 2010)—that seems to undermine Sikkenga. There, the Court recalled its apparent requirements set forth in Sikkenga and revised them, concluding that fraud claims[4] "need only show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme." Id. at 1172.

In its bad faith claim, Plaintiff alleges, inter alia, that Liberty (1) failed to pay Plaintiff its money owed under the bond; (2) failed to investigate Plaintiff's claim; (3) gave unlawful and erroneous justifications for doing so; and (4) did not attempt to settle the claim in good faith. (Dkt. No. 12, pp. 8-9.) The Court is satisfied that these allegations are sufficient to provide a reasonable inference that Liberty engaged in bad faith. Plaintiff is

---

[4] It is far from clear whether a bad faith claim is subject to the heightened pleading requirements of Rule 9(b), which only explicitly targets claims of "fraud" and "mistake." See Fed. R. Civ. P. 9(b). Neither party, moreover, has furnished a case involving bad faith claims being evaluated under Rule 9(b)—the cases on which the parties chiefly rely were decided in the specific context of the False Claims Act—and at least one court has suggested that claims involving bad faith are not subject to these requirements. See Nuest v. Westinghouse Air Brake Co., 313 F.Supp. 1228 (S.D. Ill. 1970) (refusing to dismiss a claim consisting of bad faith in addition to fraud allegations pursuant to Rule 9(b)'s heightened pleading standard). Yet, because the Court finds that Plaintiff's claims are nevertheless adequately pled, the Court need not resolve this issue.

not required to allege each and every detail within its Complaint. To the extent it believes it needs further information to defend itself, Liberty should seek to obtain it in discovery.

IV. Conclusion

For these reasons, Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Fifth Claim for Relief (Dkt. 29) is DENIED.

IT IS SO ORDERED this 28th day of August, 2019.

ROBIN J. CAUTHRON
United States District Judge